**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER LEE WHEELER, | 3:17-cv-00321-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| SPARKS POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Christopher Lee Wheeler's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 5) and *pro se* complaint (ECF No. 1). Consistent with the following, the court recommends that the complaint proceed as to certain defendants and claims, and be dismissed as to others.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff did not attach an application to proceed *in forma pauperis* to his complaint. (*See* ECF no. 1.) Plaintiff then filed a motion for leave to proceed *in forma pauperis*, which appeared to consist entirely of an incomplete *in forma pauperis* application. (*See* ECF No. 3.) The court denied the motion without prejudice, and ordered plaintiff to submit a completed *in forma pauperis* application and attach an inmate account statement and properly executed financial certificate. (ECF No. 4.) Plaintiff submitted a completed *in forma pauperis* application with the required attachments. (ECF No. 5.)

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "[a]n affidavit in support of an IFP application is

sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Based on plaintiff's application, the court finds that plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 5.) Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II.     LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff is an inmate in the custody of the Stewart Conservation Camp. (ECF No. 5.) Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against the Sparks Police Department ("SPD"), three SPD officers, the City of Sparks, Washoe County, and the State of Nevada for actions taken in the course of his arrest for violating his probation. (ECF No. 1-1 at 3–5.)

As set forth in Count I, Officer Fye ("Fye") and Officer Butler ("Butler") entered plaintiff's home in response to an "alleged domestic disturbance …." (*Id.* at 4.) Plaintiff was compliant, answered Fye and Butler's questions regarding the domestic disturbance, and finally attempted to use his restroom "before going outside to be contained." (*Id.*) Fye and Butler pursued plaintiff, and in the process plaintiff's fiancée had to "grab [plaintiff's] son Zion from the officers falling and crushing him …." (*Id.*) Fye and Butler proceeded to kick the restroom door off the hinges and tase plaintiff repeatedly. (*Id.*) Plaintiff was then "handcuffed from behind, and while completely drained [he] was tazed [sic] again and again." (*Id.*)

Lieutenant Krall ("Krall") then arrived at plaintiff's residence. Plaintiff states that Krall was "vulgar, belligerent, out of control and high strung in front of [his] family." At some point, Krall smashed plaintiff's head repeatedly into a pillar, which resulted in a gash on plaintiff's head. While plaintiff was being escorted away by Fye and Butler, Krall tased plaintiff "again and again" despite plaintiff "not posing as a threat …." (*Id.*)

In Count II, plaintiff alleges that he told Fye, Butler, and Krall that he needed immediate medical attention for the injuries he sustained during the arrest. (ECF No. 1-1 at 5.) The officers "denied any and all medical attention I should have received by law" and instead told plaintiff, "Shut the fuck up nigger!" (*Id.*) Plaintiff speculates that he suffered "multiple contusions,

3

lacerations, and abrasions … during the assault." (*Id.*) He also believes he suffered a concussion because he was "in and out of consciousness at that time." (*Id.*) Plaintiff contends that Fye, Butler, and Krall purposefully refused to have plaintiff seen by a doctor because "they wanted no evidence in writing that could be used against them" in court. (*Id.*)

In Count III, plaintiff claims that both he and his son suffer from "serious mental health issues" as a result of the brutal and unnecessary nature of his arrest. (*Id.* at 6.) Specifically, plaintiff's five-year old son is "terrified of what the police are capable of doing after witnessing first hand [sic] the atrosities [sic] done onto [sic] his father," such as seeing Krall "brutally" bludgeoning plaintiff's head against a pillar. (*Id.*) As for plaintiff, he claims to have "constant nightmares" and suffer from "mental anguish and pains" that are unbearable. (*Id.*) Plaintiff does not provide any further detail regarding his, or his son's, mental health.

Plaintiff contends that the events described above violated his Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at 4-6.) He requests seven million dollars in damages, and seeks to have SPD "leave and stop harassing [his] family …." (*Id.* at 9.)

Despite being named as defendants, the City of Sparks, Washoe County, and the State of Nevada are not mentioned in the body of the complaint. (*See id.* at 4–6.) SPD is mentioned only briefly in the request for relief. (*Id.* at 9.)

The court now turns to plaintiff's claims: (1) plaintiff's claims against the State of Nevada; (2) his claims against the City of Sparks, Washoe County; and, (3) his claims against Fye, Butler, and Krall.

**A.    The State of Nevada**

At the outset, the court must dismiss any claim plaintiff may have against the State of Nevada. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not abrogate the states' sovereign immunity, *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995), and Nevada has not consented to suit, Nev. Rev. Stat. § 41.031(3). Accordingly, plaintiff's claims against the State of Nevada are barred and should be dismissed with prejudice.

**B.     The City of Sparks, Washoe County, and SPD**

The court also recommends dismissal of plaintiff's claims as to the City of Sparks, Washoe County, and SPD. Although the court is to construe his complaint liberally, even *pro se* plaintiffs must identify some cognizable basis for each legal claim. *Twombly*, 550 U.S. at 570. The complaint must not force the court to spend its resources "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit …." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Without providing "a short and plain statement of the claim showing that the pleader is entitled to relief" defendants would be deprived of "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Furthermore, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff has wholly failed to allege any facts, much less a short and plain statement, showing his entitlement to relief that could support a cognizable claim against the City of Sparks and Washoe County. *See McHenry*, 84 F.3dd at 1179. Furthermore, though plaintiff seeks injunctive relief against SPD, he fails to identify a theory of liability upon which the court can grant him the requested relief. The court may not project essential elements upon plaintiff's complaint to hold SPD liable for the actions of its officers. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (setting forth a standard for claims against municipalities and other governmental units). Thus, the court recommends that plaintiff's claims against the City of Sparks, Washoe County, and SPD be dismissed without prejudice, with leave to amend to provide plaintiff the opportunity to allege relevant facts and identify a theory of liability against these defendants, where possible.

**C.     Fye, Butler, and Krall**

    **a.     Sixth Amendment**

Plaintiff claims that Fye, Butler, and Krall's actions during and immediately after his arrest violated the Sixth Amendment. (ECF No. 1-1 at 4–6.) The Sixth Amendment guarantees criminal defendants certain rights related to criminal prosecutions, including the right to a speedy

and public trial, to be informed of the nature of the accusation against them, and to have the assistance of counsel. U.S. CONST. amend. VI.

Plaintiff has failed to state a Sixth Amendment claim. Although plaintiff claims that his Sixth Amendment rights were violated in Counts I, II, and III, his assertions and factual allegations appear wholly unrelated to his prosecution or conviction. Instead, the allegations in Counts I and III take issue with the potentially unlawful force applied against him during his arrest, while Count II concerns the officers' failure to provide plaintiff medical care immediately following his arrest. (ECF No. 1-1 at 4.) The court is unable to discern a possible theory for liability under the Sixth Amendment against any of the named defendants. Therefore, the court recommends that plaintiff's Sixth Amendment claim be dismissed with prejudice because amendment would be futile. *See Cato*, 70 F.3d at 1106.

### b. Eighth Amendment Claim

Plaintiff appears to assert two Eighth Amendment claims against Fye, Butler, and Krall: one of excessive force during plaintiff's arrest, and the other of deliberate indifference to plaintiff's medical needs immediately following plaintiff's arrest. (ECF No. 1-1 at 4.) The Eighth Amendment prohibits prison guards from using excessive force that is applied to "maliciously and sadistically cause harm" to inmates. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In contrast, claims of excessive force during an arrest are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Eighth Amendment also prohibits prison guards from denying, delaying, or interfering with a prisoner's access to medical attention "if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, deliberate indifference claims brought by pre-trial detainees arise under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-70 (2016). Because both of plaintiff's Eighth Amendment claims concern actions taken against him as a pre-trial detainee rather than as a prisoner, the court instead considers plaintiff's

excessive force claim under the Fourth Amendment, *see Graham*, 590 U.S. at 395, and the court considers plaintiff's deliberate indifference claim under the Fourteenth Amendment.

### c. Fourteenth Amendment Claims

Plaintiff claims that his Fourteenth Amendment rights were violated in Counts I, II, and III, but does not specify the relevant clauses under which he intends to bring his claims. Without the benefit of further guidance, the court construes plaintiff's Count I Fourteenth Amendment claim as a Fourth Amendment excessive force claim. *Colorado v. Bannister*, 449 U.S. 1, 2 (1980) (the Fourth Amendment is applicable against state and local government actors through the Fourteenth Amendment's Due Process Clause.) Additionally, the court construes plaintiff's Count II deliberate indifference claim as a Fourteenth Amendment Due Process claim. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-70 (2016). Finally, the court reviews plaintiff's Count III claims. Each claim is considered in turn.

#### i. Count I Fourth Amendment Claim

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures …." U.S. CONST. amend. IV. "The Fourth Amendment requires police officers making an arrest to only use an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (internal citation and quotation omitted). "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002).

Courts determine whether an amount of force was reasonable "by balancing the 'nature and quality of the intrusion' on an individual's liberty against the 'countervailing governmental interests at stake.'" *Id.* at 859 (quoting *Graham*, 490 U.S. at 396). This involves an examination of the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Reasonableness is judged from the perspective of a reasonable officer at the scene of the

arrest, "rather than with the 20/20 vision of hindsight." *Id.* The standard for excessive force applied under the Fourth Amendment differs greatly from the standard applied in Eighth Amendment excessive force claims because "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less maliciously and sadistically." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015).

Taking plaintiff's allegations as true, he states a claim for excessive force. Plaintiff alleges that Fye, Butler, and Krall repeatedly struck and tased plaintiff, even after he was subdued and placed in handcuffs. (ECF No. 4.) Without any indication that plaintiff was resisting arrest, the severity of the officer's application of force outweighs the government's interest in detaining plaintiff. No reasonable officer, under the circumstances as alleged, would conclude that Fye, Butler, and Krall's repeated tasing and slamming of plaintiff's head was reasonable. Accordingly, the court recommends that plaintiff's excessive force claim proceed against Fye, Butler, and Krall.

### ii. Count II Fourteenth Amendment Due Process Claim

Plaintiff asserts that Fye, Butler, and Krall violated his Fourteenth Amendment rights by refusing to provide plaintiff with medical attention for the injuries he sustained during his arrest. (ECF No. 1-1 at 5.) Deliberate indifference claims brought by pre-trial detainees are analyzed under the Fourteenth Amendment's Due Process Clause. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-70 (2016). In following Eighth Amendment jurisprudence, a pre-trial detainee claiming deliberate indifference can avoid dismissal by alleging that he was (1) "confined under conditions posing a risk of 'objectively, sufficiently serious' harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." *Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (citing *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002)). As for the second prong, a "defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" *Id.* (quoting *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002)). However, a recent Ninth Circuit opinion has cast the standard that pre-trial detainees must meet into doubt. *See Castro*, 833 F.3d at 1069-70. In *Castro,* the Ninth Circuit "rejected the notion that there exists a single

"deliberate indifference" standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners." *Id.* at 1069 (relying on *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015)). Instead, the court held that only the more forgiving objective standard applies to a pre-trial detainee's excessive force claims and failure-to-protect claims because, in part, pre-trial detainees are entitled to greater protections under the Fourteenth Amendment's Due Process Clause than a prisoner is entitled to under the Eighth Amendment's Cruel and Unusual Punishment Clause. *Castro*, 833 F.3d at 1069-70; *Cf. Stone v. City of San Francisco*, 968 F.2d 850, 857 n.10 (9th Cir. 1992 (""[P]retrial detainees . . . possess greater constitutional rights than prisoners.").

The court need not decide which standard applies because plaintiff's allegations satisfy both the objective and subjective elements of a deliberate indifference claim. Plaintiff claims that he was arrested and denied medical attention after suffering "multiple contusions, lacerations, and abrasions," loss of consciousness, and possibly a concussion. (ECF No. 1-1 at 5.) Taking these allegations as true, plaintiff's confinement with such severe injuries constitutes "conditions posing a risk of 'objectively, sufficiently serious' harm." *Lolli*, 351 F.3d at 419. Furthermore, plaintiff alleges that Fye, Butler, and Krall purposefully refused to provide plaintiff with medical attention in order to avoid creating evidence "that could be used against them." (ECF No. 1-1 at 5.) He further states that after requesting medical attention, one officer responded by saying, "Shut the fuck up nigger!" (*Id.*) As stated, the officer's displayed a 'sufficiently culpable state of mind' because their denial of medical care appears to be purposeful, self-interested, and perhaps racially motivated. *Lolli*, 351 F.3d at 419. Accordingly, plaintiff states a cognizable claim that Fye, Butler, and Krall were deliberately indifferent to plaintiff's medical needs. The court recommends that plaintiff's Count II Fourteenth Amendment claim against Fye, Butler, and Krall proceed.

### iii. Count III Fourteenth Amendment Claim

Finally, plaintiff contends that both he and his son suffer from "serious mental health issues" as a result of the arrest. He claims that this is a violation of the Fourteenth Amendment, but fails to specify the relevant legal theory under which he intends to bring his claim. While the

court was able to construe plaintiff's Count I allegations as an excessive force claim, plaintiff provides insufficient factual detail here for the court to analyze. *See McHenry*, 84 F.3d 1179. Plaintiff's allegations that he suffers from "nightmares" seems only to be an outgrowth of his excessive force claim. Without more, plaintiff's factual allegations simply do not state a plausible claim under the Due Process Clause. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the court recommends that plaintiff's Count III Fourteenth Amendment Due Process Claim be dismissed without prejudice, with leave to amend because it is not clear that amendment would be futile. *See Cato*, 70 F.3d at 1106.

### iv. Plaintiff's Count III Claim Brought on His Son's Behalf

To the extent plaintiff is bringing a claim on behalf of his minor child, the claim is barred Federal Rule of Civil Procedure 17. Rule 17 authorizes only certain categories of representatives to sue on behalf of a minor – a general guardian, a committee, a conservator, or "a like fiduciary," such as a court appointed guardian ad litem. FED. R. CIV. P. 17(C)(1)-(2). Even so, Rule 17 by its own terms does not authorize a listed representative to proceed *pro se* on behalf of a minor. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). In applying the policy undergirding Rule 17, the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* at 877 ("It goes without saying that it is not in the best interest of minors . . . that they be represented by non-attorneys."). Minors, such as plaintiff's son, are "entitled to trained legal assistance so their rights may be fully protected." *Id.* at 876-77.

Though the court may presume that plaintiff is his son's guardian, this alone does not automatically entitle plaintiff to bring a claim on his son's behalf *pro se*. Plaintiff's own failure to properly state many of his claims shows that allowing plaintiff to sue on behalf of his son would not be in his son's best interests. Thus, if plaintiff wishes to bring an action on behalf of his son, plaintiff must show that he has secured a lawyer to proceed. *Id.*; *see also Buran v. Riggs*, 5 F. Supp. 3d 1212, 1215-16 (D. Nev. 2014). Accordingly, the court recommends that plaintiff's claim brought on his son's behalf be dismissed without prejudice, with leave to amend to provide plaintiff with an opportunity to retain a lawyer, if possible.

## IV. CONCLUSION

For the foregoing reasons, plaintiff states colorable § 1983 claims under the Fourteenth Amendment against Fye, Butler, and Krall for excessive force and deliberate indifference to plaintiff's medical needs. However, plaintiff fails to state a cognizable claim against the City of Sparks, Washoe County, and SPD because he does not identify a legal theory, or allege any facts, for the court to analyze. Similarly, plaintiff fails to state a cognizable claim under the Fourteenth Amendment for his mental health issues. Moreover, plaintiff cannot bring a claim on behalf of his minor child without retaining a lawyer. Finally, the State of Nevada is immune from suit, and plaintiff's Sixth and Eighth Amendment claims fail because plaintiff was not a convicted prisoner at the time of the alleged violations. The court recommends that plaintiff be granted leave to amend to cure the deficiencies described above, where possible.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that plaintiff's Count I Fourteenth Amendment excessive force claim **PROCEED** against Fye, Butler, and Krall.

**IT IS FURTHER RECOMMENDED** that plaintiff's Count II Fourteenth Amendment deliberate indifference claim **PROCEED** against Fye, Butler, and Krall.

**IT IS FURTHER RECOMMENDED** that all claims set forth against the City of Sparks, Washoe County, and SPD, and Fourteenth Amendment claims regarding the mental health issues of plaintiff and his son contained in Count III, be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND.**

**IT IS FURTHER RECOMMENDED** that all claims set forth against the State of Nevada, and the Sixth and Eighth Amendment claims against all defendants contained in Counts I, II, III, be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to file an amended complaint remedying, if possible, the defects identified above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if the amended complaint is not filed within the specified time period, the court will recommend dismissal of his complaint WITH PREJUDICE. Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:17-cv-00321-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

**DATED**: October 25, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**