UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER LEE WHEELER<br><br>Plaintiff,<br>v.<br>SPARKS POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-00321-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 6) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff file a non-objection to the R&R on November 9, 2017 (ECF No. 7).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

As noted, Plaintiff states that he does not object to the R&R. Plaintiff also filed a first amended complaint ("FAC") where he asserts two counts against Officer Fye, Officer Butler and Lieutenant Krall. (ECF No. 8.) The Court has also conducted a *de novo* review to determine whether to adopt the R&R. Upon reviewing the R&R and complaint, this Court agrees with the Magistrate Judge's recommendation. Because Plainiff filed the FAC asserting only the two claims that the Magistrate Judge recommends allowing him to proceed, the Court assumes Plaintiff does not wish to pursue the claims that are dismissed without prejudice and with leave to amend. Accordingly, this case will proceed based on the claims asserted in the FAC.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 6) is accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in form pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk file the complaint (ECF No. 1-1).

It is further ordered that Count I Fourteenth Amendment, construed as a Fourth Amendment excessive force claim, will proceed against Officer Fye, Officer Butler, and Lieutenant Krall.

It is further ordered that Count II Fourteen Amendment deliberate indifference claim will proceed against Fye, Butler, and Krall.

///

It is further ordered that all claims set forth against the City of Sparks, Washoe County, and Sparks Police Department, and Fourteenth Amendment claims regarding the mental health issues of Plaintiff and his son contained in Count III, are dismissed without prejudice, with leave to amend. Plaintiff will need to retain an attorney to represet his son should Plaintiff's son wishes to proceed on the claim asserted in Count III.

It is further ordered that all claims set forth against the State of Nevada and the Sixth and Eighth Amendment claims against all defendants contained in Counts I, II, III are dismissed with prejudice.

It is further ordered that because Plaintiff filed a first amended complaint, this case will proceed on only the two counts—Counts I and II—as alleged in the first amended complaint (ECF No. 8).

DATED THIS 8th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE